IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TINA ARMSTRONG,

        Plaintiff,

vs.                                                       CIVIL NO. 99-531 BB/LFG

LA QUINTA INNS, INC.,

        Defendant.

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT REPORT AND TESTIMONY AND FOR SANCTIONS

THIS MATTER is before the Court on Defendant La Quinta Inns, Inc.'s Motion to Strike Plaintiff's Expert Report and Testimony and for Sanctions [Doc. 52]. The motion, response and reply were simultaneously filed in accord with the district's motion practice rule.

In this motion, Defendant La Quinta Inns, Inc. ("La Quinta") seeks to strike Plaintiff Tina Armstrong's ("Armstrong") Fed. R. Civ. P. 26 report and to preclude Armstrong's expert, Joseph Chernicoff ("Chernicoff"), from testifying.

The motion to strike the report is based on La Quinta's claim that Chernicoff failed to comply with mandatory requirements of Rule 26(a)(2). This Rule requires disclosure of the identity of a party's expert, together with disclosure of the expert's detailed report. It further requires that the written report "shall contain" the following items:

1. A complete statement of all opinions to be expressed and the basis and reasons therefor;

2. the data or other information considered by the witness in forming the opinion;

3. any exhibits to be used as a summary of or as support for the opinion;

4. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

5. the compensation to be paid for the study and testimony; and

6. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

In this instance, La Quinta contends that Chernicoff offered opinions in his initial Rule 26 report and thereafter issued additional or "supplemental" opinions with new factual bases for the supplemental opinions. Specifically, La Quinta argues that Chernicoff supplemented his original expert report on October 11, 1999, and, yet again, on November 30, 1999. The supplemental reports contain new opinions or seek to bolster or strengthen prior opinions.

The rules of procedure simply do not contemplate "initial reports" following by "supplementary reports." Rather, the federal rules mandate production of a detailed and complete report with full disclosure of opinions. The intent of expert opinion disclosure is to alert the other side, well in advance of the completion of discovery, of the opinions that will be offered and the basis for the opinions. This allows an opposing party to carefully evaluate the case for settlement, and if the case is not resolved, to ensure that the proofs can be met at the time of trial. Indeed, the Advisory Committee Commentary to the 1993 Amendments to Rule 26 states:

> This subdivision [26(a)] imposes a duty on the parties to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or to make an informed decision about settlement.

Without information demonstrating what opinion will be offered at trial and the basis for the opinion, the opposing party is placed at a serious disadvantage. The opposing party's ability to carefully

evaluate the case is compromised because the expert's proposed opinion is not fully developed. Alternatively, the opposing party may believe that one opinion will be offered based on certain facts or assumptions, and then a different opinion is offered. Trial by ambush is no longer an acceptable litigation strategy under the federal rules. The disclosure rules, when considered in light of liberal discovery favored by federal court, mandate full disclosure at an early stage of the proceeding. (Advisory Committee Commentary to the 1993 Amendments to Rule 26, Paragraph (2)).

Here, La Quinta submits that Chernicoff improperly sought to bolster an opinion or offer a new opinion by impermissibly relying on supplementary reports. While a supplement may be filed to correct an error or misinformation appearing in an initial report, it may not be used to add new opinions or to bolster or buttress opinions previously stated. To allow otherwise would thwart opposing counsel's ability to evaluate the strength and weakness of a case. There would be no finality to expert reports, as each side, in order to strengthen their case, could "supplement" existing reports and modify opinions previously given. Such a process would circumvent the full disclosure requirements explicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant a new round of consultation with one's own expert and, perhaps, require a new round of depositions. This process would hinder rather than facilitate settlement negotiations and preparations for trials.

A plaintiff's attempt to supplement an expert opinion was rejected in <u>Resolution Trust Corp. v. Gregory</u>, D.N.M. CIV 94-0052. There, Circuit Judge Paul Kelly, sitting by designation, rejected the plaintiff's argument that it could file supplements intended to deepen and strengthen its own expert's prior report. Judge Kelly wrote:

3

> Fed. R. Civ. P. 26(a)(2)(B) requires that an expert witness report "contain a complete statement of all opinions to be expressed and the basis and reasons therefor" to facilitate discovery. Although Fed. R. Civ. P. 26(e) requires a party to "supplement or correct" disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witnesses' report (indeed, the lawsuit) from the outset.

The remedy, said Judge Kelly, was to strike the supplemental reports and to permit the expert witness to testify only as to those matters that were properly and timely disclosed in the original report. The same remedy was ordered in <u>Keener v. United States</u>, 181 F.R.D. 639, 641 (D. Mont. 1998), where the court noted, "[t]o countenance a dramatic, pointed variation of an expert's disclosure under the guise of Rule 26(e)(1) supplementation would be to invite the proverbial fox into the henhouse."

Here, the Court determines that the October 11, 1999 and November 30, 1999 supplements are not permitted under the federal rules. They do not seek to correct an error or omission in a prior report, but are offered to strengthen and deepen prior opinions or to add new ones. The supplements were not authorized by any court order. Accordingly, those supplements are stricken. Armstrong's expert, Chernicoff, is permitted to testify as to opinions and the basis for his opinions which were properly and timely disclosed in his initial report; he may not alter or amend his opinions through improper supplements.

La Quinta further challenges Chernicoff's reports on numerous other claims. Specifically, (1) that Chernicoff did not speak with Armstrong about how the assault occurred; (2) that the expert did not speak to any of the police officers investigating Armstrong's case; (3) that the expert did not review the uniform incident report prepared by the Amarillo Police Department with regard to Armstrong's case; (4) that the expert did not speak with anyone from La Quinta about their security;

4

(5) that the expert did not ascertain what La Quinta's security police and procedures were, nor did the expert review La Quinta's security policies and procedure manual; and (6) that the expert did not make any site inspection of La Quinta's facilities or surrounding area.

These claims may be proper grist for cross-examination. They go to the weight that the fact finder should afford the opinion rather than to the opinion's relevancy. Challenges of this nature should not be used to strike a report under Rule 26. The jury instructions likely to be given in this case instruct the fact finder to consider each opinion offered into evidence and the basis of the opinion; the instruction advises the fact finder that if the fact finder believes that the opinion is not well-supported, the fact finder may disregard the opinion in its entirety.

The Court similarly rejects, at this stage of proceedings, La Quinta's request that Chernicoff not be permitted to testify. As that issue deals with production of evidence at the time of trial, it is properly addressed to the trial judge and may be raised by appropriate motion in limine during voir dire of the expert's qualifications, or when the expert's testimony is sought to be presented.

The Court rejects La Quinta's request for sanctions and directs that the parties each bear their own costs and fees in reference to this motion.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Eric D. Dixon, Esq.

ATTORNEYS FOR DEFENDANT:
Ellen S. Casey, Esq.
Lawrence W. Bailey, Esq.