IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TINA ARMSTRONG,

        Plaintiff,

vs.                                                                CIVIL NO. 99-531 BB/LFG

LA QUINTA INNS, INC.,

        Defendant.

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT REPORT AND TESTIMONY AND FOR SANCTIONS

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant's Expert Report and Testimony and for Sanctions [Doc. 63]. Defendant La Quinta Inns, Inc. ("La Quinta") filed a response in opposition to the motion. Based on the Court's review of the motion and response, the Court concludes that oral argument would not be of significant benefit and, therefore, determines that the motion may be resolved based on the parties' submissions.

The revised rules of civil procedure mandate that expert reports "shall contain" the following six items:

    1. A complete statement of all opinions to be expressed and the basis and reasons therefor;

    2. the data or other information considered by the witness in forming the opinion;

    3. any exhibits to be used as a summary of or support for the opinion;

    4. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

    5. the compensation to be paid for the study and testimony; and

6. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

These disclosure obligations are mandatory and are intended to further the purposes of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* Expert reports are intended to fully alert opposing parties of the opinions that will be offered and the basis for each opinion to be expressed at trial. The Advisory Committee Commentary to the 1993 Amendments to Rule 26 states:

> (2)(B) requires that persons retained or specially employed to provide expert testimony, . . . must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor.

The penalty for failing to comply with Rule 26 can be onerous. Indeed, the Advisory Committee Commentary to Rule 26 states that, "Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." Id.

Plaintiff Tina Armstrong ("Armstrong") makes a two-prong attack on La Quinta's expert report. First, Armstrong contends that the report is deficient in that La Quinta's expert, Joseph V. Cavallo ("Cavallo"), failed to comply with the requirements of Fed. R. Civ. P. 26. Secondly, Armstrong argues that Cavallo is not qualified to offer the opinions and conclusions contained in the report.

In support of Armstrong's claim that the report is not in compliance with Rule 26, she advances four separate arguments:

1. The report was prepared and faxed to Armstrong on September 28, 1999, the deadline for submission of expert reports;

2. Cavallo did not sign the report;

3. Cavallo did not list the prior cases in which he previously testified at trial or in deposition during the last ten years; and

4. The report does not list the amount of Cavallo's compensation.

Armstrong's first argument is without merit. La Quinta's deadline for disclosure of experts and production of Rule 26 reports was September 28, 1999. La Quinta timely faxed the expert report to Armstrong's counsel on September 28.

Expert reports are to be served on the opposing party. It appears that the parties previously relied on fax transmissions to exchange documents. For example, La Quinta faxed its Rule 26 initial disclosures [Doc. 12], and Armstrong expressed no concern about this.

Armstrong's objection appears to be related more to the fact that the report was sent on the last day, rather than the means of delivery. Armstrong offers no citation of authority in support of her contention that providing the report on the last date via facsimile is improper. Armstrong's next three claims, however, are not so easily dismissed and require more scrutiny.

Here, the Rule 26 report carefully outlines the opinions Cavallo will offer at trial, together with the basis for each opinion. He provides background information concerning his education, experience and qualifications. The report shows what information Cavallo considered and reviewed for purposes of his evaluation and opinion. It contains his findings and outlines the basis for his opinion. The report also contains Cavallo's synopsis demonstrating the reasons for his opinion, and contains various charts and summaries, which appear to be trial exhibits.

What Cavallo failed to do, however, was to sign his report; he failed to disclose the compensation to be paid for his study and testimony; he failed to include a list of publications which

he authored in the previous ten years; and he failed to include a listing of other cases in which he testified as an expert at trial or by deposition within the preceding four years.

When these deficiencies were brought to La Quinta's attention, it promptly submitted a supplement disclosing that Cavallo had published nothing within the last ten years; it provided a list of cases in which he testified or had been deposed in the last four years; and it disclosed Cavallo's hourly fees for preparation of the report and daily fee for out-of-town depositions or testimony. The information was provided prior to Cavallo's deposition.

It is clear that the information was intended to correct La Quinta's omissions and was not to change Cavallo's previously stated opinion or the basis for his opinion or add any new opinion. There was no change in the opinion and the errors noted by Armstrong's counsel were promptly corrected. That is, Cavallo disclosed that he had no publications; he disclosed the names of the cases in which he previously testified; and he disclosed his hourly rate.

Indeed, Cavallo's hourly rate was already known to Armstrong as a result of a prior dispute concerning Cavallo's fees [Doc. 41]. Thus, while the expert report did not specifically state the hourly rate, Armstrong was not prejudiced because she had full knowledge of the rates Cavallo was charging for his work. Similarly, Armstrong would be hard pressed to demonstrate prejudice by virtue of the fact that Cavallo failed to disclose he had authored no publications. Third, while Armstrong can argue that Cavallo's failure to provide court and docket information for prior cases precluded his ability to thoroughly examine Cavallo at his deposition, a review of the deposition shows that Armstrong asked no questions about his testimony in prior cases or prior opinions he has presented. Finally, Cavallo's failure to sign the expert report can easily be cured, and so long as an original signature is available for the report at the time of trial, Armstrong can demonstrate no

prejudice. The expert report is replete with evidence that it is Cavallo's report. To strike the expert report or prohibit Cavallo from testifying would elevate form over substance.

This is not a situation where the expert failed to disclose his opinion or the basis for the opinion, nor is it an instance where an expert attempted to offer new, previously undisclosed opinions. No prejudice was shown because the deficiencies were primarily of a technical nature and were promptly corrected.

The Court will require that Cavallo execute a signature page, indicating that the report previously provided to Armstrong was indeed his report. Secondly, the Court will require Cavallo to provide additional information concerning his testimony in prior cases. The list should be supplemented, to the extent such information is available, to show the court and docket number. This should be done within ten days.

The second basis of Armstrong's motion is that Cavallo is not qualified to offer the opinions contained in his report. Because this portion of the motion deals with admissibility of opinions rather than compliance with Rule 26, it is premature. The determination of a witness's qualifications to testify as an expert is reserved to the trial court. Fed. R. Evid. 104(a), 702. Thus, to the extent that Armstrong seeks to challenge Cavallo's background, experience, education or qualifications to testify, this can be done either in a motion in limine or voir dire of the expert's qualifications at trial.

Finally, Armstrong argues that the report should be excluded because the opinions expressed therein are faulty. This may properly be explored on cross-examination of the expert. This argument, again, goes to the weight that the fact finder should afford the opinion, rather than to the opinion's admissibility. Indeed, it is likely that the jury will be instructed that in reference to expert opinions submitted at trial, the jury is free to consider the opinion and the basis of the opinion, and if it

determines that the opinion is unsound, it is free to disregard the opinion.

In sum, the Court finds that Armstrong's second attack concerning the opinions themselves is not appropriately a discovery motion and should be presented to the trial court at an appropriate juncture.

The request for sanctions is denied.

                                                      */s/ Lorenzo F. Garcia*
                                                     Lorenzo F. Garcia
                                                     United States Magistrate Judge

ATTORNEY FOR PLAINTIFF:
Eric D. Dixon, Esq.

ATTORNEYS FOR DEFENDANT:
Ellen S. Casey, Esq.
Lawrence W. Bailey, Esq.