IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**TINA ARMSTRONG,**

        **Plaintiff,**

**v.**                                            **No. CIV 99-531 BB/LFG**

**LA QUINTA INNS, INC.,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING SUMMARY JUDGMENT AND RENDERING MOTION TO STRIKE MOOT

**THIS MATTER** is before the Court on Defendant's motion for summary judgment [#67], and the Court having considered the submissions of counsel and being otherwise duly advised, **FINDS** there exist questions of material fact and the motion will therefore be Denied. Based on the Court's failure to consider any of the exhibits Defendant moved to strike [#84], this motion is rendered Moot.

### *Discussion*

#### *Facts*

Plaintiff Tina Armstrong alleges that on June 28, 1998, shortly after she entered her room at the La Quinta at 2108 South Coulter in Amarillo, Texas

("the South Coulter La Quinta"), she was sexually assaulted by an unknown assailant for approximately one hour. The assault allegedly occurred at approximately 4:30 PM on a Sunday afternoon. Plaintiff alleges that La Quinta was negligent: in failing to provide adequate security; in hiring; in supervision; and in failing to provide adequately trained personnel. La Quinta contends that, under the circumstances of this case, it had no duty to protect Plaintiff from the criminal acts of third parties.

There is some dispute between the parties as to the number and type of crimes occurring in the area of the South Coulter La Quinta in the years preceding this incident. Less than three years earlier on December 25, 1995, a female reported she had been approached as she was leaving the Waffle House, which shares a parking lot with the South Coulter La Quinta, by a male who attempted to reach into her car and open the door. As she drove off, the subject stepped back and removed his penis from his pants and began waving it at her. Both sides characterize this incident differently, but agree it happened and that Defendant's managers were unaware of it until after discovery in the present suit.

Both sides also agree the South Coulter La Quinta did not have a security guard on duty or security cameras outside or in the common areas of the hotel.

(Whether there was a duty to take such precautions is the focus of this motion.) Finally, the parties agree that none of the eight incident reports generated by the Amarillo Police Department reflecting property crimes at the South Coulter La Quinta for the two-year period prior to the alleged assault on Plaintiff involved any violence.

### *Legal Standard*

Since this case comes to the Court by way of diversity jurisdiction, both parties agree Texas law governs. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). It appears Texas recognizes the standard principle that a business owner owes a business invitee a duty of reasonable care to protect them from assaults. *Eastep v. Jack-In-The-Box, Inc.*, 546 S.W.2d 116 (Tex. Civ. App. 1977). Where the owner of a business, by reason of location or past experience, should reasonably foresee criminal conduct by third persons, he must take appropriate precautions. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex. 1985); *Morris v. C.C. Barnette*, 553 S.W.2d 648 (Tex. Civ. App. 1977).

The Texas Court of Appeals has addressed the issue of a hotel's duty to protect patrons from assault in two cases. In *Nixon v. Royal Coach Inn*, 464 S.W.2d 900 (Tex. Civ. App. 1971), the plaintiff alleged the motel where she had

registered to stay on a business trip was negligent because it failed to furnish adequate protection. She claimed she was assigned a remote room in a desolate area of the motel and no precautions were taken for her safety. When the plaintiff checked into the motel at 8:30 in the evening, an employee directed her to a room that was apparently some distance from the main desk. The woman was attacked by an unknown assailant while she was unlocking the door. Affirming a summary judgment, the court noted that an innkeeper is not an insurer of the safety of its guests and must exercise only ordinary or reasonable care with respect to them. The appellate court reasoned that an assault by an unknown assailant was the new and intervening cause of plaintiff's injury, dissociated from any act or omission by the motel. To charge an innkeeper with liability for injury to the person of his guest, said the court, the innkeeper's negligence has to be shown in connection with the circumstances that produced the injury.

Eight years later, the Texas court of civil appeals took a very different approach in *Walkoviak v. Hilton Hotels Corporation*, 580 S.W.2d 623 (Tex. Civ. App. 1979). While attending a business convention at the hotel, the plaintiff was beaten, stabbed, and robbed by two unknown assailants as he went to his automobile in the hotel parking lot. In its motion for summary judgment, the

hotel asserted that the criminal attack by unknown assailants constituted a new and independent intervening cause and therefore it was absolved as a matter of law.  The court concluded, however, that triable issues of fact were raised by a hotel security guard who testified that it was common for off-duty policemen to be hired to "beef up" the hotel's own security force for large conventions, but that, although the guest in this case had been attending a large convention, this guard had no knowledge of any security personnel hired for that convention.  Moreover, Plaintiff filed an expert opinion that it would take more than one guard per shift to adequately patrol a hotel of this size.  In rejecting the hotel's reliance on *Nixon*, the court of appeals said:

> We stated in *Nixon* that the allegation of negligence was "most tenuous," there being cited no authority requiring an innkeeper to assign any guests to any particular part of a hotel or motel.  We found further that the plaintiff had wholly failed to show by summary judgment evidence that she was in fact billeted in a remote or desolate area of the motel.  Our finding of "a new and intervening cause altogether disassociated with any act of omission or commission on the part of" the hotel was based upon our conclusion that there was no evidence that the act claimed to constitute the alleged negligence in that case was in fact done by the defendant motel.  The decision in *Nixon* was not based upon a finding that there was a new and independent cause breaking the causal connection between an alleged negligent act of the

>
> defendant hotel and the injury to the plaintiff, as appellee would have us hold in this case.

580 S.W.2d at 627.

The Texas court of civil appeals made it clear that once the plaintiff introduced evidence of negligence,

> then the question of whether the acts of the third persons constitute new and intervening causes is a part of the foreseeability element of the issue of proximate cause. (Ordinarily [of course,] the question of whether an act of negligence was a proximate cause of the consequences presents an issue for determination by the fact finder.) *Clark v. Waggoner*, 452 S.W.2d 437 (Tex. Sup. 1970).

580 S.W.2d at 628.

Plaintiff here argues there were numerous property crimes in both La Quinta and the surrounding area, but recognizes that none of these involved violence. She also argues there were numerous sexual assaults at the apartment across the street.[1] This is, however, a much different type dwelling and not surprisingly the incidents relate to domestic violence or "date rape." These are not the type of "neighborhood incident" which would put a motel on notice that

---

[1] Defendant has moved to strike Plaintiff's exhibits 1, 2, 6, 10, and 15. Some of those sexual assaults alleged are contained in exhibit 6. However, as the Court's discussion should illustrate neither exhibit 6 nor the others to which Defendant objects played a role in the disposition of the summary judgment motion.

heightened security might be required. The incidents where a patron in the La Quinta's common parking lot was sexually accosted[2] eighteen months earlier, and the aggravated assault and armed robbery at the Phillips 66 station with two years, do, however, raise a foreseeability issue under Texas law. *Kendrick v. Allright Parking*, 846 S.W.2d 453 (Tex. App. 1992). This makes summary judgment inappropriate. *Walkoviak.*

## O R D E R

For the above stated reasons, Defendant's motion for summary judgment is DENIED and motion to strike is DENIED AS MOOT.

Dated at Albuquerque this 11th day of April, 2000.

**BRUCE D. BLACK**
**United States District Judge**

---

[2] These police reports are contained in exhibits 4 and 5 which Defendant has not challenged.

**Counsel for Plaintiff:**
    Eric D. Dixon, Portales, NM

**Counsel for Defendant:**
    Ellen S. Casey, Hinkle Hensley Shanor & Martin, Santa Fe, NM
    Lawrence W. Bailey, Godwin White & Gruber, Dallas, TX