IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

TINA ARMSTRONG,

       Plaintiff,

v.                                      No. CIV 99-531 BB/LFG

LA QUINTA INNS, INC.,

       Defendant.

**MEMORANDUM OPINION
SUPPORTING GRANTING
DEFENDANT'S RULE 50 MOTION**

       THIS MATTER is before the Court on Defendant's motion for judgment as a matter of law pursuant to Federal Rules of Civil Procedure 50(a), and the Court being duly advised, FINDS the motion is well taken and should be Granted.

*Discussion*

       Plaintiff, Tina Armstrong, checked into the La Quinta Inn located at 2108 South Coulter in Amarillo, Texas, on June 28, 1998. It was approximately 4:30 PM. After Plaintiff located her room and was leaving the room to get her luggage out of her car, she was pushed back into the room by a man in a green

shirt.   Plaintiff was sexually assaulted repeatedly and the assailant was never apprehended.

Under Texas law, it is the general rule that "a person has no legal duty to protect another from the criminal acts of a third person." *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Texas 1998).  The exception is that "[o]ne who controls ... premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." *Id.*  This legal duty exists, then, only when the risk of criminal conduct is both <u>unreasonable</u> and <u>foreseeable</u>.   Whether such a risk was foreseeable cannot be determined in hindsight but rather must be viewed in light of what the premises owner knew, or should have known, before the criminal act occurred.  *Id.* at 757.  In deciding this issue, the Texas courts require consideration of:

(1)   Whether any criminal conduct previously occurred on or near the property;

(2)   How recently it occurred;

(3)   How often it occurred;

(4)   How similar the conduct was to the alleged incident; and

2

(5)     What publicity was given the criminal conduct to indicate that the

landowner knew or should have known about it.

*Timberwalk* at 758; *Plowman v. Glen Willows Apartments*, 978 S.W.2d 612, 617

(Tex. App. 1998); *Kelley v. Wurzbach*, 1999 WL 33640 at *3 (Tex. App.).

Plaintiff failed to put on sufficient evidence to demonstrate that La Quinta

knew or should have known of the risk that Plaintiff would likely be the victim

of a violent crime on the premises.  There was no evidence of any type of previous

violent criminal activity on La Quinta's property.  *See Walker v. Harris*, 924

S.W.2d 375 (Tex. 1996).  Indeed, the only admissible evidence that Plaintiff

produced was that three or four televisions and some personal belongings had

been stolen from rooms on the property more than one year before this sexual

assault.

Plaintiff attempted to subpoena Amarillo, Texas, police officers to testify as

to other crimes in the vicinity, but the City of Amarillo moved to quash the

subpoenas.  Since Amarillo is obviously not within New Mexico and is more than

100 miles from the place of trial, the Court was required to quash those

subpoenas.  Fed. R. Civ. P. 45; *see also* 28 FED. PROC., L. Ed. § 65:278.

Plaintiff's counsel then attempted to move the Amarillo police reports into

evidence by attaching an affidavit of Milton Pool, an Amarillo police officer acting as the records custodian.

The Court found these records could likely overcome Defendant's authentication challenge under Federal Rule of Evidence 902,[1] however, Defendant also raised a hearsay challenge.  In response, Plaintiff relied primarily on Federal Rule of Evidence 803(6), the business record exception.[2]  While the United States Supreme Court has adopted an amendment to Rule 803(6) which would potentially permit the use of such an affidavit, the present language requires "the foundation for all other records admissible under Evidence Rule 803(6) must be established by a testifying witness."  (Evidence Rules Committee Commentary p. 8 contained in House Doc. 106-225 (2000) conveying the proposed amendments to Congress).[3]  *But see, In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238 (3d Cir. 1983), *rev'd on other grounds,  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  The problem with applying the

---

[1]      *See Hunt v. Liberty Lobby*, 720 F.2d 631 (11th Cir. 1983), and *United States v. M'Biye*, 655 F.2d 1240 (D.C. Cir. 1981).

[2]      Plaintiff also attempted to raise Federal Rule of Evidence 803 (1) present sense impression and (2) excited utterance, but had no legal authority, and the Court was unable to comprehend the applicability of these provisions.

[3]      The Supreme Court also adopted and conveyed to Congress a related amendment to Federal Rule of Evidence 902.

4

proposed amendment in the present case, however, was the quality of the underlying records. They consisted of the statements of witnesses to alleged crimes as recorded by police officers. While it is difficult to determine from their face, in some instances the officers apparently thought such statements suspect and engaged in no further investigation. Moreover, a substantial portion of many of the reports had been redacted. Under these circumstances it would have been difficult for Plaintiff to rely on, and more particularly for Defendant to challenge, the incidents reported under *Timberwalk*. Since Defendant admitted it had never heard of any of the crimes reported, the only probative value of such reports is as proof that the crimes reported actually occurred. Without a witness to testify as to the reports, however, they lacked sufficient reliability to satisfy the *Timberwalk* requirements. *See Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260 (5th Cir. 1991) (unreliability is a basis for exclusion of business records).

Under Texas law, Plaintiff had the burden of introducing "strong" evidence that the risk of criminal conduct on La Quinta's property had reached a sufficient level Plaintiff's sexual assault was "likely." *Timberwalk* at 757. At the close of Plaintiff's case there was no evidence from which a reasonable juror could conclude that the sexual assault was likely. The only evidence of even an arguably

5

similar crime was the incident in the adjoining Waffle House parking lot 26 months earlier.  However, Plaintiff had no one who could describe the *Timberwalk* criteria as to this incident or any of the other crime reports in the neighborhood to the Court or jury.  *Timberwalk* and *Walker* require the Rule 50(a) motion be granted.

Dated at Albuquerque this 13th day of June, 2000.

BRUCE D. BLACK
United States District Judge

Counsel for Plaintiff:

Eric D. Dixon, Portales, NM

Counsel for Defendant:

Ellen S. Casey, Hinkle Hensley Shanor & Martin, Santa Fe, NM
Lawrence W. Bailey, Godwin White & Gruber, Dallas, TX