IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

TINA ARMSTRONG,

      Plaintiff,

v.                                                No. CIV 99-531 BB/LFG

LA QUINTA INNS, INC.,

      Defendant.

## MEMORANDUM OPINION
## AND
## ORDER AFFIRMING CLERK'S ORDER ON COSTS

**THIS MATTER** is before the Court on cross motions requesting this Court to review the Clerk's Cost Award, and the Court being duly advised, **FINDS** the Clerk properly assessed costs, and both Plaintiff's motion and Defendant's motion are Denied.

### *Discussion*

This case was tried before a jury beginning June 7, 2000. At the conclusion of Plaintiff's case, the Court granted Defendant's motion for judgment as a matter of law. *See* FED. R. CIV. P. 50. Defendant then filed a Motion to Tax Costs and Memorandum in Support. Plaintiff filed a timely reply. On August 7, 2000, the

Clerk for the United States District Court for New Mexico issued its Clerk's Order Settling Costs in the amount of $4,418.85. Plaintiff moved for a review of that order on August 11, and Defendant sought review on August 15. Both are timely. FED. R. CIV. P. 54(d).

### *Plaintiff's Motion*

Plaintiff argues the Clerk erroneously allowed a witness fee for Defendant's expert, Dr. Parsons, in the amount of $160. However, as Defendant correctly points out, the $160 witness fee awarded by the Clerk actually represents the $40 allowable deposition witness fees for four different expert witnesses who testified on Plaintiff's behalf at trial in this matter. This $40 witness fee for Dr. Parsons, Ms. Dlouhy, Dr. Monteverde, and Ms. Brakebill is authorized by 28 U.S.C. § 1821(b) and D.N.M.L.R.-Civ. 54.2(c). Defendant as the prevailing party may recover this sum for each of these experts. *See Riggs v. Scrivner*, 927 F.2d 1146, 1150 (10th Cir.), *cert. denied*, 502 U.S. 867 (1991).

Plaintiff also argues that "[t]he Court should use its discretion and deny Defendant any costs." Plaintiff's Mot. at 2. Federal Rule of Civil Procedure 54(d)(1) provides that statutory costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." This language creates a

rebuttable presumption that the prevailing party is entitled to costs unless the district court so directs in the exercise of its "sound discretion."  8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE:  CIVIL 2D § 2688 at 288 (2d ed. 1994).  This discretion can be exercised to deny a prevailing party costs if the non-prevailing party is indigent.  *Cantrell v. IBEW AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (citing *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir. 1984), *cert. denied*, 471 U.S. 1099 (1985)).  *See also Stanley v. University of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir.), *cert. denied*, 68 USLW 3274 (1999); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 944-45 (7th Cir. 1997).  However, the burden is on the losing party to show a cost award would be inequitable and a substantial financial hardship.  *Serna v. Manzano*, 616 F.2d 1165, 1167-68 (10th Cir. 1980).  Therefore, Plaintiff will be given twenty (20) days from entry of this Order to make such a showing and if sufficient persuasive evidence is not tendered within that time, this argument will be rejected.  *Williams v. Hevi-Duty Elec. Co.*, 122 F.R.D. 206 (M.D. Tenn. 1988).

Plaintiff's attempt to challenge the right of defense counsel to participate in the allocation of costs is ill-founded.  Attorneys admitted *pro hac vice* have the same privileges and obligations in a case as members of the local bar.

**D.N.M.L.R.-Civ. 83.3.  *See Kirkland v. National Mortgage Network, Inc.*, 884 F.2d 1367 (11th Cir. 1989) (*pro hac vice* status can only be revoked for good cause after notice and a hearing).**

### *Defendant's Motion*

**Defendant objects to the fact the Clerk disallowed the costs of the depositions of Ron Murrow, John Valletta, Joseph Cavallo, Debbie Bills, and Larry Bills based on the fact they were not admitted into evidence at trial or used for impeachment purposes.  Defendant relies on *Furr v. AT&T Technologies, Inc.*, 824 F.2d 1537 (10th Cir. 1987), *rehrg denied*, 842 F.2d 253 (10th Cir. 1988), to support its position that such costs may be taxed even though the depositions were not used at trial.  *See also Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997) (summary judgment granted in reliance on depositions). However, the burden of persuasion is on the party seeking to recover such deposition costs.  *Emerson v. National Cylinder Gas Co.*, 147 F. Supp. 543 (D. Mass. 1957), *aff'd*, 251 F.2d 152 (1st Cir. 1958).  And this is a higher burden when the depositions were not considered and did not influence the outcome. *Johnson v. Baltimore & O. R.R. Co.*, 65 F.R.D. 661 (N.D. Ind. 1974), *aff'd*, 528 F.2d 1313 (7th Cir. 1976); *Berryman v. Hofbauer*, 161 F.R.D. 341 (E.D. Mich.**

1995). The soundest approach is to consider the reasonableness of the discovery effort in light of all circumstances including the utility of the deposition in resolving the case. WRIGHT, *supra* at § 2676 at 429. The Court will therefore consider each witness.

1. Joseph Cavallo was to be Defendant's expert on the issue of LaQuinta's security at the Coulter Avenue site. The Court agrees it was necessary for Defendant to purchase a copy of the deposition of its expert – both for the expert's preparation for cross-examination and Defendant's trial preparation.

2. John Valletta, Larry Bills, Debbie Bills, and Ron Murrow were LaQuinta employees familiar with the operation of the Coulter Avenue property. In this capacity, each of these witnesses were available to Defendant and because Plaintiff's counsel was unable to present any of this testimony to the fact-finder – resulting in judgment as a matter of law – it appears inequitable to assess these costs. The Court will therefore exercise its discretion to Deny them.

## O R D E R

Plaintiff's motion on the $160 for expert witness deposition fees is DENIED and Plaintiff is granted twenty (20) days to submit compelling evidence of indigence or her motion will be automatically denied.

Defendant will be GRANTED the cost of reproduction for Joseph Cavallo's deposition but DENIED the cost of copies for the depositions for John Valletta, Larry Bills, Debbie Bills, and Ron Murrow.

Dated at Albuquerque this 28th day of September, 2000.

BRUCE D. BLACK
United States District Judge

Counsel for Plaintiff:
    Eric D. Dixon, Portales, NM
Counsel for Defendant:
    Ellen S. Casey, Hinkle Hensley Shanor & Martin, Santa Fe, NM
    Lawrence W. Bailey, Godwin White & Gruber, Dallas, TX