IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

TINA ARMSTRONG,

        Plaintiff,

v.                                          No. CIV 99-531 BB/LFG

LA QUINTA INNS, INC.,

        Defendant.

MEMORANDUM OPINION
AND
ORDER PARTIALLY GRANTING SANCTIONS

THIS MATTER is before the Court on Defendant's motion to impose sanctions. Having considered the briefs of counsel and being fully aware of the facts surrounding the trial, the Court FINDS the motion well taken in part and it will be Partially Granted.

### Discussion

Defendant, La Quinta Inns, Inc., moves this Court to enter its order imposing monetary sanctions on the Plaintiff and/or her counsel pursuant to the provisions of Rules 11 and 37 of the Federal Rules of Civil Procedure. Defendant

argues that Plaintiff, through her counsel, engaged in the following sanctionable conduct:

1.    Failure to timely designate Plaintiff's exhibits;

2.    Failure to timely designate deposition testimony which Plaintiff intended to use at the time of trial;

3.    Designating as "will call" witnesses in the Pretrial Order, witnesses which Plaintiff did not call;

4.    Failure to secure the attendance of an adequate number of witnesses to complete full days of testimony during Plaintiff's case-in-chief thus wasting the time of opposing counsel, the Court, and jurors.

The Court will consider each of these in turn.

### 1. *Designation of Exhibits*

Defendant argues that Plaintiff's counsel failed to timely designate exhibits and deposition testimony in violation of the pretrial order.  Plaintiff's counsel initially responds by arguing Defendant's counsel failed to seek his concurrence in this motion as required by local rule.  While this is a technical violation of D.N.M.L.R.-Civ. 7.4, in practice that rule does not require concurrence of obviously disputed motions.  It is obvious from the nature of a motion for sanctions and the history of this litigation that it would be opposed.  Indeed,

Plaintiff's response again removes all doubt as to the depth of animosity between counsel.[1]

Plaintiff's counsel also challenges the rights of Defendant's Texas defense counsel to sign pleadings without the actual signature of his associated New Mexico counsel. Defendant continues to be represented by both New Mexico and Texas counsel who is himself admitted *pro hac vice* for purposes of this case. This frivolous argument is therefore rejected for the same reasons set forth in the Court's recent opinion settling costs.

---

[1]     In addition to challenging Defendant's failure to seek consent, Plaintiff's counsel responds to the motion with the following vituperation:

> The Defendant's Motion is un-meritorious, untimely, and non-compliant with local and federal rules. The Defendant's tactic in filing this Motion is no more than an attempt to harass Plaintiff's counsel;

> Defendant's counsel lamely claims that the Motion is of a "dispositive nature";

> In fact, the Motion is no more than a long-winded recitation of counsel's version of events before and during the trial;

> Defendant's conduct throughout the course of this lawsuit has been to aggressively harass both the Plaintiff and her counsel. Defendant has attempted to intimidate, harass and embarrass Plaintiff ....

Pl.'s Resp. at 2-4.

Plaintiff's counsel implicitly admits he did not submit the exhibits to opposing counsel twenty days in advance of the scheduled trial, but argues that since the trial was postponed, his exhibits were in fact provided twenty days in advance of the actual start of trial.  While the Court cannot encourage counsel to bet on the postponement of trial, especially since it was at Plaintiff's request, sanctions are to be imposed only in exceptional circumstances.  *In re Kouterick*, 167 B.R. 353 (D.N.J. 1994).  Moreover, defense counsel makes no showing they were prejudiced by the delay in receiving the exhibits.[2]  *See Jones v. Thompson*, 996 F.2d 261 (10th Cir. 1993) (prejudice a significant factor in assessing sanctions).  Therefore, no sanction is required.

### 2. *Failure to Designate Depositions*

Because Plaintiff's counsel misunderstood the scope of this Court's subpoena power under Federal Rule of Civil Procedure 45, he was unable to secure the presence of several witnesses and then attempted to designate their

---

[2]     Plaintiff's counsel also argues that he "would have gotten the exhibits to counsel sooner, but was required to file a response to a second Motion for summary judgment filed by the Defendant after the first summary judgment was denied." (Pl.'s Resp. at 5).  While the Court recognizes Plaintiff's counsel is a solo practitioner, this argument points up one of the underlying problems with Plaintiff's presentation – counsel did not have sufficient resources to prepare and effectively present Plaintiff's case within the deadlines required by federal procedure.  The appropriate response to this situation is not to violate the required deadlines but to employ sufficient resources so that compliance is possible.

4

deposition testimony for the first time during trial.  Plaintiff's inability to produce necessary testimony, even using the depositions, then resulted in a judgment as a matter of law at the close of Plaintiff's case.  FED. R. CIV. P. 50.

While not a prerequisite in all cases, prejudice to opposing counsel is a significant factor in determining whether sanctions should be imposed for violation of a pretrial order.  *Jones v. Thompson, supra*.  In this instance defense counsel argues that each of them was required to expend a minimum of four hours preparing objections and cross-designations of the last minute deposition testimony.  However, since these depositions were only a substitution necessitated by Plaintiff's counsel's failure to provide the live testimony, defense counsel would have had to study the depositions in preparation for the previously designated live witnesses testimony.  The Court is therefore not persuaded Plaintiff's counsel's failure to timely designate deposition testimony burdened defense counsel, so this portion of the motion will be Denied.

### 3. *Failure to Call Designated Witnesses*

Defense counsel also seek sanctions for the failure of Plaintiff's counsel to actually call Amarillo police officers to the witness stand even though they had been designated as "will call" witnesses by Plaintiff.  Rather than seek to obtain

their voluntary appearance,[3] Plaintiff's counsel merely had subpoenas served on these Amarillo officers.  However, since the Plaintiff's counsel was unable to present any authority for enforcement of the subpoenas, the Court was required to grant the City of Amarillo's motion to quash.

Defense counsel maintain they were each required to spend five hours reviewing police reports and planning their cross-examination of the officers. Defense counsel undoubtedly used some of this knowledge of the police reports in their successful argument for judgment as a matter of law.  However, counsel are required to be familiar with the rules governing trial and required to accept the affirmative duty to secure the just, speedy, and inexpensive determination of the pending action. *Merit Fin. Co. v. Service Fin. Co.*, 38 F.R.D. 482, 485 (D.S.C. 1965); *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D. W. Va. 1995).  When others are adversely affected by their failure to follow the Rules and orders of the Court, attorneys should compensate those so affected.  *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869 (10th Cir. 1987); *Roberts v. McCrory*, 693 F. Supp. 998 (W.D. Okla. 1987).  Defendant should not be required to pay its counsel for preparation time made useless by the failure of Plaintiff's counsel to understand

---

[3]    This appeared especially appropriate since at least one of the officers made a pre-dawn trip to Albuquerque to challenge the subpoena.  *See* 28 U.S.C.A. § 45 C45-16 at 378.

the Federal Rules of Civil Procedure.  Plaintiff's counsel is required to reimburse Defendant for six (6) hours of attorney's fees.

### 4. *Waste of Court Time*

Finally, defense counsel argue that by failing to secure the attendance of an adequate number of witnesses during the first two days of trial Plaintiff's counsel wasted the time of defense counsel.  On the first day of trial Plaintiff's counsel ran out of witnesses at 4:00 PM and Court recessed an hour early.  Defense counsel, like the Court, however, almost certainly had sufficient tasks to fill the hour in preparation for the remainder of the trial.

The second day, and in spite of a previous admonition, Plaintiff's counsel again ran out of witnesses at 2:30 PM.  "[O]ur adversary system can only work so as to yield the 'just, speedy and inexpensive' determination of cases as called for by Fed. R. Civ. P. 1, if responsibility is exercised by all participants.  Absence of such exercise cannot properly be rewarded at the expense of others." *Fontaine v. Ryan*, 849 F. Supp. 242, 245 (S.D.N.Y. 1994).  In such a situation Plaintiff's counsel should pay the opposing party for attorney's fees incurred.  *Royalty Petroleum Co. v. Arkla, Inc.*, 129 F.R.D. 674 (W.D. Okla. 1990)  Plaintiff's

counsel is therefore required to compensate Defendant for the fees it paid its trial counsel for 2.5 hours for each counsel for a total of five hours.

The Court believes the Plaintiff was the victim of a horrendous crime and should not be penalized by the legal system for events over which she had little knowledge or control.  Defendant's motion seeks $5,000.00 in sanctions for her counsel's abuses of the process.  Any sanction should employ only the coercion necessary to achieve an essential end.  *Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996).  No legitimate end would be served by sanctions on Plaintiff.

## O R D E R

For the above stated reasons, Defendant's motion is Partially Granted and Plaintiff's counsel is directed to reimburse Defendant the actual amount paid counsel for eleven (11) hours.  Defendant's motion is otherwise Denied.

Dated at Albuquerque this 12th day of October, 2000.

BRUCE D. BLACK
United States District Judge

8

**Counsel for Plaintiff:**
    **Eric D. Dixon, Portales, NM**
**Counsel for Defendant:**
    **Ellen S. Casey, Hinkle Hensley Shanor & Martin, Santa Fe, NM**
    **Lawrence W. Bailey, Godwin White & Gruber, Dallas, TX**